IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 16-288 |
| RAUL RODRIGUEZ | : | |

MEMORANDUM

STENGEL, J.                                                                                                                                April 18, 2017

## I. INTRODUCTION

According to the indictment in this criminal case, the defendant, Raul Rodriguez, robbed a check cashing business at gunpoint with an accomplice, gagged and tied one of the employees in a locked room, and threatened to kill her.

Count Two of the indictment charges the defendant with a violation of 18 U.S.C. § 924(c)(1)(A), which makes it a crime to use, carry, or possess a firearm during the commission of a "crime of violence." A "crime of violence" is defined as "an offense that is a felony" and that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The alleged "crime of violence" in this case is Hobbs Act robbery in violation of 18 U.S.C. § 1951.[1] Defendant argues that Hobbs Act robbery does not constitute a

---

[1] Hobbs Act robbery is defined as: "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or

1

"crime of violence" because the crime merely puts the victim in fear of "future" injury. Thus, under the defendant's logic, Count Two must be dismissed. Also according to defendant, I must apply the categorical approach to this issue, which confines my analysis to the elements of Hobbs Act robbery.

For the following reasons, I will deny defendant's motion to dismiss.

## II. DISCUSSION

The parties dispute whether the "categorical approach" or the "modified categorical approach" applies to my analysis. As explained below, I find that, under either approach, Hobbs Act robbery is a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3)(A).

### A. *"Categorical" Versus "Modified Categorical" Approach*

The "categorical" approach is an analysis used by district courts, at the sentencing stage, to determine whether a given crime qualifies as a "crime of violence" under 18 U.S.C. § 924. Under the categorical approach, courts look only to the elements of the crime at issue. United States v. Blair, 734 F.3d 218, 223 (3d Cir. 2013). Under this approach, courts may not consider any underlying documents, such as the pre-sentence report or the indictment. Id.

The "modified categorical approach" allows courts to go beyond the elements of the offense. Under this approach, the court may consider a limited class of documents, such as the indictment and jury instructions. Id. Whether to employ the "modified

---

violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1).

categorical approach" or the "categorical" approach depends upon whether a given crime is "divisible." Id. at 223–24. A divisible crime is one that includes alternative elements; *i.e.*, the crime may be committed in multiple different ways. Id. An indivisible crime does not include alternative elements. Id. If a court determines that a crime is indivisible (*i.e.* does not have alternative elements) then the court may not use the modified categorical approach. Id.

### *B.    Analysis*

Nearly all the cases addressing whether Hobbs Act robbery qualifies as a crime of violence involve sentencing determinations rather than pre-trial motions to dismiss. In one recent case, however, a district court within this Circuit examined an identical argument at the motion to dismiss stage. United States v. Monroe, 158 F. Supp. 3d 385, 388 (W.D. Pa. 2016). I agree with the reasoning of that court.

As explained in Monroe, the majority of district courts to address whether Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. 924(c) have concluded that it does. Monroe, 158 F. Supp. 3d at 388–89 (collecting cases). In the process, these courts have found that the "categorical approach"—while appropriate in the sentencing context—is not applicable at the pre-trial stage. Id. at 391 (agreeing that "it would make no sense to apply the categorical approach to a pre-trial motion" because at the pre-trial stage, unlike the sentencing phase, "a court can—and indeed must—allow the jury to decide whether the government has proved the elements of the alleged crime beyond a reasonable doubt").

3

I agree with the line of cases that have declined to apply the categorical approach to pre-trial motions to dismiss. The government must carry its burden, at trial, of proving the elements of an offense beyond a reasonable doubt. This is much different than a sentencing issue, where the categorical approach is useful in preventing judges from "re-try[ing] the factual basis for the prior convictions." Id. That concern is not present here before the case has even gone to the jury.

Applying the modified categorical approach, I may consider the indictment in determining whether the underlying crime is one "of violence." Blair, 734 F.3d at 223. In this case, the indictment alleges the defendant took $11,140 from the victim "by means of actual and threatened force." (Doc. No. 1 at 2). The defendant allegedly tied up and gagged a victim in a bathroom and threatened to kill her, all while brandishing a .380 caliber semi-automatic pistol. (Id. at 3). This conduct certainly qualifies as a "crime of violence" under § 924(c)(3).

Even if I were to apply the categorical approach, though, I would still agree with the precedent holding that Hobbs Act robbery is a crime if violence under this approach. Id. at 389–90.[2] The act of brandishing a firearm while committing a robbery, even if only "threatening" physical force, is an inherently dangerous and violent act. Even without physical force, when a person robs another person with a gun, the victim necessarily

---

[2] Judge Fuentes of the U.S. Court of Appeals for the Third Circuit recently concluded, in a well-reasoned concurrence, that Hobbs Act robbery is categorically a "crime of violence." United States v. Robinson, 844 F.3d 137, 150–51 (3d Cir. 2016) (Fuentes, J., concurring). The U.S. Circuit Courts of Appeal to address this question have unanimously held that Hobbs Act robbery, based on its elements alone, is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). United States v. Anglin, 846 F.3d 954, 964–65 (7th Cir. 2017); United States v. Hill, 832 F.3d 135, 140–44 (2d Cir. 2016); United States v. Howard, 650 F. App'x 466, 468–69 (9th Cir. 2016); In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016).

4

experiences fear of bodily injury and violence. Simply because this fear of bodily injury (or death) may come at some time in the "future" does not negate the fact that the act itself is one of violence. Indeed, in defining the term "crime of violence," Congress specifically included "*threatened* use of physical force" within its definition. 18 U.S.C. § 924(c)(3)(A) (emphasis added).

In sum, I will agree with "every other court to consider the matter," Monroe, 158 F. Supp. 3d at 393, and conclude that Hobbs Act robbery is a "crime of violence" under either the categorical or the modified categorical approach. The categorical approach does not apply to this pre-trial motion because, at this stage, the phrase "crime of violence" is an element of the offense rather than a sentencing factor. Id. at 390 (noting the same); see also id. at 392 ("The categorical approach was created and applied for situations when a sentencing court had to make a determination based on a defendant's previous conviction as to whether the prior conviction qualified as a statutorily defined 'crime of violence,' which if the prior conviction did qualify it would have the effect of increasing the penalty for the defendant.").

Ultimately, it will be the jury's job to decide whether the government has proved this element beyond a reasonable doubt. Even if applicable, the categorical approach would warrant the same finding since Hobbs Act robbery is an inherently violent crime, even under its most forgiving reading.[3]

---

[3] After defendant filed its motion to dismiss, the U.S. Court of Appeals for the Third Circuit decided United States v. Robinson, 844 F.3d 137 (3d Cir. 2016). The Third Circuit in Robinson held that the defendant's "Hobbs Act robbery is a crime of violence under the elements clause" of § 924(c)(3)(A), but it did so after the defendant had already been convicted at trial. Id. at 140–41. Again, the issue here is presented pre-trial. While Robinson is not directly on point, I nonetheless find that defendant's motion to

5

## III. CONCLUSION

Accordingly, defendant's motion to dismiss Count Two is denied. My finding that Hobbs Act robbery is a "crime of violence" is pursuant to the force clause, 18 U.S.C. § 924(c)(3)(A), not the residual clause found in § 924(c)(3)(B).

---

dismiss should be denied because Hobbs Act robbery is a crime of violence under either the categorical or modified categorical approach. If anything, Robinson supports my holding today. In Robinson, just like here, the government charged the defendant with brandishing a firearm while committing Hobbs Act robbery. 844 F.3d at 144. In this context, the Third Circuit stressed: "The question, therefore, is not 'is Hobbs Act robbery a crime of violence?' but rather 'is Hobbs Act robbery committed while brandishing a firearm a crime of violence?' The answer to this question must be yes." Id.

6